UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D%%AVID A%%NGEL S%%IFUENTES, III,

       Plaintiff,                               Hon. Robert J. Jonker

v.                                                    Case No. 1:25-cv-654

C%%OREWELL H%%EALTH,

       Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF No. 2). For the reasons articulated herein, the undersigned recommends that Plaintiff's motion be denied.

In light of Plaintiff's "repeated filing of repetitive and frivolous actions in this Court," the Court has imposed on Plaintiff certain filing restrictions. *See Sifuentes v. Dave, Inc.*, 1:23-cv-984, ECF No. 18 at PageID.78-80 (W.D. Mich.). Specifically, Plaintiff is prohibited from proceeding *in forma pauperis* in this Court "unless a judge first certifies that the case survives screening." (*Id.* at PageID.78).

To survive screening, the complaint must contain "[f]actual allegations [which are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This

plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Based on the undersigned's review of Plaintiff's complaint, the undersigned determines that Plaintiff's complaint would not survive screening. Plaintiff asserts federal claims under the Fair Credit Reporting Act (FCRA) and Computer Fraud and Abuse Act (CFAA). Both claims fail. As this Court previously held, the FCRA applies only to "consumer reporting agencies." *See, e.g., Sifuentes v. TruthFinder,* 1:23-cv-187, ECF No. 9 at PageID.39-40 (W.D. Mich. Mar. 9, 2023) (collecting cases). Like his prior cases, Plaintiff has not alleged that Defendant is a consumer reporting agency. With regard to the CFAA claim, Plaintiff does not allege that Defendant accessed his personal information without authorization. *See Staggers v. Pub. Def. of Indiana,* No. 1:23-CV-02132-TWP-MKK, 2024 WL 1471113, at *2 (S.D. Ind. Mar. 1, 2024), *aff'd,* No. 24-1499, 2025 WL 303797 (7th Cir. Jan. 27, 2025) ("The complaint does not allege that the defendant Public Defender of Indiana accessed plaintiff's personal information without authorization. To the contrary, the complaint alleges that the defendant was the victim of a hacker."). Like the defendant in *Staggers*,

Defendant in the instant case appears to be the victim of a hacker. (See ECF No. 1 at PageID.5). Accordingly, Plaintiff's federal claims are without merit.[1]

Plaintiff's remaining claims arise under state law. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). As stated above, Plaintiff's federal law claims are without merit. With the federal claims out, there are ample reasons for the Court to decline to exercise supplemental jurisdiction over the state law claims. Because Plaintiff's complaint would not survive the screening requirement the Court has imposed on him, the undersigned recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Proceed *In Forma Pauperis*, (ECF No. 2), be denied and that Plaintiff be required to pay the full filing fee to proceed with this action within 28 days. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United*

---

[1] Plaintiff also claims that this Court has diversity jurisdiction, but both Defendant and Plaintiff are considered citizens of Michigan under 28 U.S.C. § 1332. (ECF No. 1 at PageID.4). Therefore, complete diversity does not exist.

*States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                              Respectfully submitted,

Date:  June 17, 2025                          /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate