UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES,

       Plaintiff,

                                       CASE No. 1:25-CV-654

v.

                                       HON. ROBERT J. JONKER

COREWELL HEALTH,

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

       The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 7) and Plaintiff's Objection to the Report and Recommendation (ECF No. 8).    Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."    12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.    The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).    De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.    *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.    After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends denying Plaintiff's Application to Proceed In Forma Pauperis under the November 30, 2023, Restricted Filing Order.    (ECF No. 7).    In his objections, Plaintiff insists that the claims in his Complaint survive the screening requirement. The Court disagrees.    As the Magistrate Judge properly observed, the two federal claims invoked in the Complaint fail to state a *Twombly* plausible claim.    The Computer Fraud and Abuse Act "prohibits two types of digital trespassing: access *without authorization* and access that *exceeds authorization*."    *Abu v. Dickson*, 107 F.4th 508, 514 (6th Cir. 2024).    "[T]he Act covers only 'intentional[]' violations—intentional efforts to act without authorization or to exceed authorization."    *Id.* (citing 18 U.S.C. § 1030(a)(2)).    Plaintiff has not alleged any intentional act by Corewell.    Furthermore, he says the unauthorized access was done by third party hackers. Thus, he fails to state a CFAA claim.    *Staggers v. Pub. Def. of Indiana*, No. 1:23-CV-02132-TWP-MKK, 2024 WL 1471113, at *2 (S.D. Ind. Mar. 1, 2024), *aff'd,* No. 24-1499, 2025 WL 303797 (7th Cir. Jan. 27, 2025).

The FCRA allegations in the Complaint are similarly deficient.    Plaintiff objects that the Magistrate Judge did not consider whether Corewell may be considered a furnisher of information. But to state such a claim, he must allege that Corewell "furnished inaccurate information to a consumer reporting agency, that he notified the consumer reporting agency of that inaccurate information, and that [Corewell] failed to correct the inaccurate information after receiving notice from the consumer reporting agency." *Sifuentes v. First Bank & Tr., Brookings SD*, No. 22-CV-1100, 2022 WL 2133868, at *2 (E.D. Pa. June 14, 2022).    Plaintiff has not done so, and so he

2

fails to state a FCRA claim.    *See Abergel v. Santander Bank,* No. 19-CV-6535 (CM), 2019 WL 4141668, at *3 (S.D.N.Y. Aug. 30, 2019) ("Plaintiff alleges that he was the victim of identity theft, he does not allege that Defendant Santander Bank received notice of a credit dispute from a credit reporting agency and failed to investigate or otherwise comply with any obligation under the FCRA.").

Because the two federal claims fail, the Magistrate Judge recommends the Court conclude the state law claims would not survive the screening restriction because the Court should decline the exercise of supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3).    While Plaintiff maintains his disagreement with respect to the federal claims, he contends the Magistrate Judge's reasoning here is in err because diversity jurisdiction over the state law claims exists as well.    The Court disagrees.    In his Complaint, Plaintiff alleges that he is a citizen of Michigan and Corewell "as a large corporate healthcare system, has its principal place of business and significant operations across Michigan[.]" (ECF No. 1, PageID.4). This is fatal to complete diversity of citizenship.    Plaintiff's allegations regarding Corewell's out-of-state operations are inapposite to the analysis.

Beyond this, Plaintiff's objections raise speculative and frivolous arguments that are not responsive to the Report and Recommendation and, moreover, are arguments the Court has considered and rejected many times before.    The Court need not repeat that analysis. *See Sifuentes v. AT&T Mobility*, No. 24-1668 (6th Cir. June 2, 2025) (where the named plaintiff continued to raise frivolous arguments, stating that the court would provide "no more than a basic explanation" when rejecting the repetitive arguments).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 7) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff must submit the $405 filing fee within **28 days** of the date of this order, or this action will be dismissed for failure to prosecute.


Dated:   July 1, 2025                     /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE

4